IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY |
| Arthur S. Alvarado, Jr., and Patty Alvarado | Chapter 7 |
| Debtors. | Bankruptcy Case:  12-23998 |
| | Judge Robert D. Drain |

*Application of secured creditor, Capital One, N.A.,   (hereinafter referred to as "Capital One, N.A.")
For Relief from the Automatic Stay under 11 U.S.C. UNDER §362(d) (and 11 USC §1301) With
Respect to Property:  150 Broad Brook Road, Bedford Hills, NY 10507(the "Property")*

Capital One, N.A., through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Application/Motion for Relief with regard to the Property and in support thereof respectfully represents as follows:

1. Capital One, N.A., is a secured creditor with a place of business located at 6151 Chevy Chase Drive, Laurel, MD 20707.

2. Debtors, Arthur S. Alvarado, Jr., and Patty Alvarado are, upon information and belief, adult individuals whose last-known address is 150 Broad Brook Road, Bedford Hills, NY 10507.

3. Capital One, N.A., is the holder of a Consolidated Note dated March 22, 2006 in the amount of $1,500,000.00 executed by Debtors.  A true copy of the Consolidated Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the Consolidated Note, Debtors executed and delivered a Consolidated Mortgage dated March 22, 2006 in the amount of $1,500,000.00.  The Consolidated Mortgage was recorded in the Westchester County Clerk's Office on February 16, 2007 as Control Number 470040682.  A copy of the recorded Consolidation Agreement is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Consolidated Mortgage was assigned to Capital One by Assignment of Mortgage dated 10/22/2013 and recorded in the Westchester County Clerk's Office on 11/04/2013 as Control Number 533013123. A copy of the recorded Assignment of Mortgage is attached as Exhibit "C" and is hereby incorporated by reference.

6. On November 19, 2012, Debtors filed the instant case (as a Chapter 11 petition).  This case was subsequently converted to a Chapter 7 on March 15, 2013.

7. Debtors have failed to make required monthly payments to Capital One, N.A., and are due for the 02/01/2014 monthly payment and each subsequent payment:

    i. Monthly payment due 02/01/2014 in the amount of $9,469.46/month:..................................................$9,469.46

    ii. Monthly payments due 03/01/2014-04/01/2014 in the amount of $9,496.96/month ...................................$18,993.92

    iii. Accrued monthly late Charges............................$1,693.37

    iv. Attorney's Fees and Costs of Motion:.................$926.00

    **v. Total post-petition arrears:..............................$29,389.38**

8. As of 04/17/2014, the total amount due on the loan was $1,616,194.25, broken down as follows:

    i. Principal Balance………………………………… $1,591,793.16

    ii. Interest through 04/17/2014..……………………$     9,354.53

    iii. Escrow…………………………………………… $   10,785.79

    iv. Accumulated Late Charges:……………………$   4,263.77

    **v. Total amount due:…………………………….. $1,616,194.25**

9. As a result of the Debtors' default and failure to make payments or to otherwise fail to adequately provide for Capital One, N.A. in the bankruptcy filing, Capital One, N.A., is not adequately protected and is entitled to relief.  Movant may be required to incur additional expenses and advances for taxes, insurance, property preservation and other amounts in order to protect its security interest in the Property.

10. Per a Broker's Price Opinion dated as of 01/29/2014, the Property value was approximately $1,250,000.00. The total amount due is $1,616,194.25. A copy of the BPO is attached as Exhibit "D" and is hereby incorporated by reference.

11. Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "with respect to a stay of an act against property under subsection (a) of this section if –

    (a) the debtor does not have any equity in such property, and
    (b) such property is not necessary to an effective reorganization.

12. In determining whether a Debtor possesses equity in the Property under 11 U.S.C. §362(d)(2)(A), the court should aggregate all liens encumbering the Property and then subtract the value of said liens from the value of the Property.

12. Based upon the outstanding liens secured by the Property, there is little or nominal equity in the Property.  Therefore, relief is appropriate under 11 U.S.C. §362(d)(2)(a) as the Debtor lacks equity in the Property.

13. Movant is entitled to relief from the automatic stay pursuant to Section 362(d)(2) as the Debtors lack equity in the Property.  In re Stewart, 745 F.2d 1194, 1195 (9th Cir.1984); In re Garsal Realty, Inc., 98 B.R. 140, 154 (Bankr. N.D.N.Y.1989) (equity is "the remaining interest belonging to one who pledged or mortgaged his property, or the surplus value which may remain after the property has been disposed of for the satisfaction of liens."). Here, the outstanding liens secured by the Property exceed the current value of the Property.  Therefore, relief is also appropriate under 11 U.S.C. §362(d)(2).

14. A copy of the proposed Order seeking relief is attached as Exhibit "E" and hereby incorporated by reference.

15. No such prior application has been made.

16. Movant requests that the 14-day stay of Bankruptcy Rule 4001 (a)(3) be waived.


WHEREFORE, Movant, Capital One, N.A. respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 (and 11 USC §1301) from the automatic stay as set forth in the proposed order together with such other relief as deemed just and appropriate.

STERN & EISENBERG PC

Dated: April 30, 2014          BY:   */s/Margaret J. Cascino, Esquire*
                                     Margaret J. Cascino, Esq.
                                     mcascino@sterneisenberg.com
                                     Stern & Eisenberg, PC
                                     485A Route 1 South, Suite 110
                                     Iselin, NJ 08830
                                     (732) 582-6344
                                     Fax: (732) 726-8719
                                     Counsel for Movant